FILED-CLERK
U.S. DISTRICT COURT

2007 AUG 30 PM 2:08

TEXAS-EASTERN

BY_____

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| LUIS ARTENIO GARZA | § | |
| VS. | § | CIVIL ACTION NO. 4:03cv357 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM OPINION AND ORDER

Petitioner Luis Artenio Garza, an inmate at the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

A final judgment was previously entered denying the above-styled petition. Petitioner has filed a motion for new trial and amendment or relief from judgment (docket entry no. 46).

### Analysis

FED. R. CIV. P. 59 provides in pertinent part the following:

(a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

(e) Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment.

Rule 60(b), FED. R. CIV. P. provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following

reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from operation of the judgment.

Interpreted liberally, petitioner's motion is construed to assert that he submitted objections to the report which were not considered by the court. However, petitioner's objections, filed twenty-one (21) days after the report was entered, were untimely.[1] Moreover, even affording petitioner's objections *de novo* review ~~of the objections~~ in relation to the pleadings and the applicable law, the court finds petitioner's objections lacking in merit. *See* FED. R. CIV. P. 72(b).

After carefully considering petitioner's motion, the court has determined that the motion fails to raise any meritorious issue warranting reconsideration of the court's final judgment. Even affording petitioner's motion consideration under Rule 60, the court is of the opinion that petitioner's motion fails to set forth any reason justifying relief from the judgment previously entered. Accordingly, petitioner's motion should be denied. It is therefore,

**ORDERED** that petitioner's motion for new trial and amendment or relief from judgment is **DENIED**.

Signed this 29th day of August, 2007.

Richard A. Schell
United States District Judge

---

[1] A prisoner's pleading is deemed filed as of the date it was delivered to prison authorities for forwarding to the court. *Cooper v. Brookshire*, 70 F.3d 377, 381 (5th Cir. 1995) (applying rule of *Houston v. Lack*, 487 U.S. 266 (1978), to a prisoner's complaint); *Thompson v. Raspberry*, 993 F.2d 513, 515 (5th Cir. 1993) (applying the *Houston* rule to a prisoner's objections to the report of a magistrate judge). Petitioner states he placed his objections in the mail on August 21, 2006.